# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
## MARTINSBURG

**MICHAEL A. NEEL,**

    Plaintiff,

v.                                              **CIVIL ACTION NO: 3:13-CV-142**
                                                     **(JUDGE GROH)**

**PHILIP B. JORDAN, JR.,**

    Defendant.

[FILED OCT 11 2013 U.S. DISTRICT COURT MARTINSBURG, WV 25401]

## ORDER DENYING REQUEST FOR EMERGENCY STAY

On October 10, 2013, the Plaintiff filed a "Constructive Notice" and Request of the Court Requesting an Emergency Stay of Orders Issued by Philip B. Jordan Jr. /d.b.a. Philip B. Jordan Jr., Mineral County Circuit Court, 21st Circuit : Civil Action No. 12-C119 [Doc. 1]. Because the Plaintiff is proceeding *pro se*, the Court construes his motions and pleadings liberally. **See Beaudett v. City of Hampton**, 775 F.2d 1274, 1278 (4th Cir. 1985).

In his request for an emergency stay, the Plaintiff requests the Court enter a stay of orders entered by Chief Judge Philip B. Jordan, Jr. in Civil Action Number 12-C119, a West Virginia state court case filed in the Mineral County Circuit Court. The Plaintiff has not provided the Court with copies of these orders and does not address them beyond making conclusory statements. Therefore, it is not clear to the Court what Judge Jordan ordered.

In conjunction with this request, the Plaintiff alleges that the Defendant violated his rights under the Equal Protection Clause and the Due Process Clause of the United States Constitution as well as his right to a jury trial. The Court liberally construes these

allegations as a Complaint raising claims under 42 U.S.C. § 1983 because the Plaintiff alleges that the Defendant, a state judicial officer, deprived him of rights under the United States Constitution.

The Anti-Injunction Act provides that "[a] court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 18 U.S.C. § 2283. Thus, a district court may enjoin a state court proceeding only if one of the Act's three exceptions apply. **Nationwide Mut. Ins. Co. v. Burke**, 897 F.2d 734, 737 (4th Cir. 1990). However, the Fourth Circuit recently explained that "[w]hen an exception to the Anti-Injunction Act is present, a district court *may* issue an injunction, but it is not required to do so. Because 'principles of comity, federalism, and equity always restrain federal courts' ability to enjoin state court proceedings,' whether to enjoin state-court proceedings is always discretionary." **Ackerman v. ExxonMobil Corp.**, ___ F.3d ___, 2013 WL 4008699, at *7 (4th Cir. 2013) (citations omitted).

An action brought under § 1983 "falls within the 'expressly authorized' exception" of the Act. **Mitchum v. Foster**, 407 U.S. 225, 243 (1972). Section 1983 pertinently provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for

> redress, *except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.*

42 U.S.C.A. § 1983 (emphasis added).

In this matter, though the nature of the orders from which Plaintiff seeks relief is not clear, the Court construes the Plaintiff's request for an emergency stay as a motion requesting injunctive relief against a judicial officer as the Plaintiff is seeking to stay enforcement of orders issued by the Defendant, a state court judge. Even when liberally construing the Plaintiff's request as pertaining to claims under § 1983 that the Anti-Injunction Act would not bar, the Plaintiff's request is statutorily barred. Section 1983 bars this request because a declaratory decree was not involved in this matter and the Plaintiff has neither requested nor shown a basis for a declaratory judgment. **See Cannon v. State Workers**, No. C.A2:08-3447HMHRSC, 2008 WL 4960234, at *4 (D.S.C. Nov. 20, 2008).

Accordingly, the Court **DENIES** the Plaintiff's request for emergency relief raised in his "Constructive Notice" and Request of the Court Requesting an Emergency Stay of Orders Issued by Philip B. Jordan Jr. /d.b.a. Philip B. Jordan Jr., Mineral County Circuit Court, 21st Circuit : Civil Action No. 12-C119 **[Doc. 1]**.[1]

The Clerk is directed to transmit copies of this Order to all counsel of record and/or *pro se* parties. The Clerk is further directed to fax a copy of this Order to the Defendant.

---

[1] The Court does not have jurisdiction to address the ethical allegations raised by the Plaintiff. Additionally, the Plaintiff had a remedy before the Supreme Court of Appeals of West Virginia to stay a state court order.

3

It is so **ORDERED**.

**DATED:** October 11, 2013

*/s/ Gina M. Groh*
GINA M. GROH
UNITED STATES DISTRICT JUDGE